UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

ROBERTO REYES-QUINTO, also known as Jesus Reyes,

   Defendant.
            /

CR. 2:10-105 WBS
CV. 2:11-2412 WBS

ORDER

    Defendant has filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to the provisions of 28 U.S.C. § 2255. The motion must be denied for the following three reasons.

    <u>First, the motion is untimely</u>. Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When no appeal is taken from a judgment of conviction, it becomes final when the time for filing a notice of appeal expires. <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, 428 (6th Cir. 2004). Accordingly, because defendant did not directly appeal from his conviction or sentence, the judgment became final on May 31, 2010,

1

1  fourteen days after entry of judgment.  See Fed. R. App. P. 4(b)(1)(A)
2  (providing that a defendant's appeal must be filed within fourteen days
3  after entry of judgment).  Because defendant did not file the present
4  motion until fifteen months after judgment became final, and he does
5  not allege any facts that would excuse such delay under the
6  specifically articulated provisions of § 2255(f), his motion is
7  untimely.

8      Second, defendant waived his right to collaterally attack
9  his conviction or sentence.  Under his plea agreement, defendant
10 "specifically agree[d] not to file motion under 28 U.S.C. § 2255 . . .
11 attacking any aspect of his . . . sentence."  Dkt. No. 10, at (3:23-
12 4:3).  Such a waiver, if voluntary and taken in compliance with Rule
13 11, must be honored.  United States v.Portillo-Cano, 192 F.3d 1246,
14 1250 (9th Cir. 1999).  Here, the plea agreement explicitly provided
15 that the defendant "agrees as part of his plea . . . to *freely,*
16 *knowingly, and voluntarily* give up the right to appeal any aspect of
17 his conviction or sentence" or "to file a motion under . . . § 2255."
18 Dkt. No. 10, 3:23-4:3 (emphasis added).  The transcript of the plea
19 colloquy also confirms that it was taken in compliance with Rule 11.
20 Id.

21     Third, the motion is without merit.  Defendant's claim of
22 ineffective assistance of counsel appears to be predicated upon his
23 mistaken understanding that the 16 level sentencing enhancement under
24 U.S.S.G. § 2L1.2(b)(1)(A) for a prior drug trafficking conviction was
25 incorrectly assessed.  As set forth in the plea agreement, defendant's
26 prior conviction was not under California Health and Safety Code §
27 11352, which is not categorically a drug trafficking offense, but
28 rather was for Possession of a Controlled Substance for Sale in

2

violation of California Health and Safety Code Section 11378, which qualifies categorically as a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(A).  See Taylor v. United States, 495 U.S. 575, 602 (1990) (employing the "categorical approach" to determine whether prior convictions under state or local statutes can be used for federal sentencing enhancements).

IT IS THEREFORE ORDERED that defendant's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to the provisions of 28 U.S.C. § 2255 be, and the same hereby is DENIED.

DATED:  December 29, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE